

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

August 13, 2018

The Honorable Roberto Serna
District Attorney
293rd Judicial District
458 Madison Street
Eagle Pass, Texas 78852

Opinion No. KP-0211

Re: Whether city council members also employed by an independent school district may receive compensation for their service on the city council (RQ-0213-KP)

Dear Mr. Serna:

You ask whether three employees of the Eagle Pass Independent School District ("District") are eligible under the Texas Constitution to receive compensation for service on the city council.[1] Article XVI, subsection 40(b)(1) of the Texas Constitution provides:

> (b) State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts. *Such State employees or other individuals may not receive a salary for serving as members of such governing bodies, except that*:
>
> > (1) *a schoolteacher*, retired schoolteacher, or retired school administrator *may receive compensation for serving as a member of a governing body of a* school district, *city*, town, or local governmental district . . . .

TEX. CONST. art. XVI, § 40(b)(1) (emphases added). This constitutional provision permits a state-compensated employee of a public school district to also serve as a member of the city council. *Id.*; *see* Tex. Att'y Gen. Op. No. GA-0530 (2007) at 2–3 ("Employees of public school districts . . . receive all or part of their compensation either directly or indirectly from funds of the State of Texas and thus are subject to article XVI, section 40(b)." (quotation marks omitted)). The

---

[1]*See* Letter and Attachments from Honorable Roberto Serna, Dist. Att'y, 293rd Judicial Dist., to Honorable Ken Paxton, Tex. Att'y Gen. at 1–2 (Feb. 7, 2018), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter" and "Attachments") (Attachments on file with the Op. Comm.).

provision, however, prohibits a current school district employee from receiving a salary for serving on the city council unless the individual is a "schoolteacher." TEX. CONST. art. XVI, § 40(b)(1).[2]

We have found no Texas court decisions considering which school district employees qualify as a "schoolteacher" for purposes of this exception. In a previous opinion, this office concluded that "[w]hether a particular individual who receives compensation from the State . . . is a schoolteacher for purposes of article XVI, section 40 . . . depends upon whether the individual is employed to instruct students in a school setting . . . as a result of which participants may receive credit toward fulfilling their curriculum requirements." Tex. Att'y Gen. Op. No. GA-0530 (2007) at 5. You inquire about three public school employees who currently serve the District in the roles of (1) counselor; (2) assistant principal; and (3) special education coordinator. Request Letter at 2. Whether a particular employee qualifies as a "schoolteacher" is generally a "question of fact that cannot be determined in the opinion process." Tex. Att'y Gen. Op. No. GA-0530 (2007) at 5. However, we note that the job descriptions you provided for the positions of assistant principal and special education coordinator do not include any teaching responsibilities. *See* Attachments at 1–6. Thus, assuming that accurately reflects their employment, the constitution would prohibit these individuals from receiving compensation for their service on the city council.[3] *See* Tex. Att'y Gen. Op. No. GA-0530 (2007) at 5; *see also* Tex. Att'y Gen. Op. No. GA-0874 (2011) at 2 (concluding that school district's chief of police was not a schoolteacher because he had no teaching responsibilities).

The job description you provided for the counselor states that a responsibility of this position is to "[t]each campus developmental guidance curriculum" and "[c]ollaborate with teachers who teach the guidance-related curriculum." Attachments at 7. Section 33.005 of the Education Code requires a school counselor to plan and implement a developmental guidance and counseling program, which includes "a guidance curriculum to help students develop their full educational potential." TEX. EDUC. CODE § 33.005(1);[4] *see also id.* § 28.002(a)(2)(E) (requiring school districts to offer an enrichment curriculum that includes career education). To implement the developmental guidance curriculum, section 33.006 provides that the school counselor may either "deliver classroom guidance activities or serve as a consultant to teachers conducting lessons based on the school's guidance curriculum." *Id.* § 33.006(b)(6); *see also* TEX. EDUC. AGENCY, A MODEL COMPREHENSIVE, DEVELOPMENTAL GUIDANCE AND COUNSELING PROGRAM FOR TEXAS PUBLIC SCHOOLS 19 (2004) (stating that school counselors "may teach all or some of the [guidance] curriculum through direct instruction" or "consult with teachers who integrate the

---

[2]You ask about current employees. Request Letter at 2. Article XVI, subsection 40(b)(1) also permits a "retired schoolteacher" or "retired school administrator" to receive compensation for city council service. TEX. CONST. art. XVI, § 40(b)(1).

[3]You tell us the council members "currently receive compensation of $10.00 per month, as per the City Charter." Request Letter at 2. We assume the funds constitute salary and not merely the reimbursement of actual expenses. *See* Tex. Att'y Gen. Op. No. GA-0530 (2007) at 6 (providing that a "reimbursement of expenses does not constitute salary" for purposes of article XVI, section 40(b)(1) (quotation marks omitted)).

[4]According to the Texas Education Agency, the purpose of the developmental guidance curriculum "is to help all students develop basic life skills." TEX. EDUC. AGENCY, A MODEL COMPREHENSIVE, DEVELOPMENTAL GUIDANCE AND COUNSELING PROGRAM FOR TEXAS PUBLIC SCHOOLS 18 (2004), *available at* https://tea.texas.gov/counseling_guidebook.html. The curriculum includes instruction in areas such as developing self-confidence, communication skills, and responsible behavior. *Id.*

curriculum with other curricula"). Thus, based on the information you provided, the counselor could qualify as a "schoolteacher" for purposes of article XVI, subsection 40(b)(1), depending on whether the employee directly instructs students in required curriculum.

## S U M M A R Y

Article XVI, subsection 40(b)(1) of the Texas Constitution prohibits current school district employees, other than schoolteachers, from receiving a salary for service on the city council.

Whether a particular employee qualifies as a schoolteacher is generally a question of fact outside the scope of an attorney general opinion. Based on the limited facts provided, a court would likely conclude that the assistant principal and special education coordinator are not schoolteachers. A court could conclude that the counselor is a schoolteacher depending on whether the employee directly instructs students in required curriculum.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

ASHLEY FRANKLIN
Assistant Attorney General, Opinion Committee